BOYER, Judge,
dissenting.
I respectfully dissent. In my view Allen v. Rucks, cited in the majority opinion, has no application to the facts sub judice. Here, the evidence revealed, as recited in the majority opinion, that Ogletree stopped at the stop sign and was then “easing on across” when he was hit broadside by Davis, who had entered the intersecting street from a gas station a short distance from the intersection. A driver who has legally entered a controlled intersection does not thereby become fair game for anyone who can hit him before he can get through the intersection. The jury should have been instructed, in my view, that one legally entering a controlled intersection, viz.: After obeying the traffic control and determining that there was no other vehicle in the intersection nor so close thereto as to constitute an immediate hazard, has thereupon preempted the intersection and accordingly has the right of way over other vehicles entering the intersection. I would reverse.